1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY D. BANKS,

        Plaintiff,

    v.

PACIFIC MARITIME ASSOCIATION,

        Defendant.

Case No. C13-1008RSL

ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on "Defendant Pacific Maritime Association's Motion for Summary Judgment."  Dkt. # 28.  Defendant contends that plaintiff's claims are barred by the statute of limitations and should be dismissed for failure to state a claim.  Plaintiff has not responded to defendant's motion.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying those portions of the materials in the record that show the absence of a genuine issue of fact, Fed. R. Civ. P. 56(c)(1).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT

1   is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324.  "The mere existence of a scintilla

2   of evidence in support of the non-moving party's position is not sufficient." <u>Triton Energy</u>

3   <u>Corp. v. Square D Co.</u>, 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be

4   granted where the nonmoving party fails to offer evidence from which a reasonable jury could

5   return a verdict in its favor." <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d

6   626, 631 (9th Cir. 1987).

## II. BACKGROUND

8       Pacific Maritime Association ("PMA" or "defendant") is a multi-employer collective

9   bargaining association headquartered in San Francisco, California.  Decl. of Doug Stearns

10  ("Stearns Decl.") (Dkt. # 29) ¶¶ 2-3.  Its members consist of companies that employ maritime

11  workers who are members of the International Longshore and Warehouse Union ("ILWU") at

12  ports in Washington, Oregon, and California.  <u>Id.</u>  PMA, on behalf of its member companies,

13  negotiates and enters into collective bargaining agreements with ILWU and the longshore

14  division of ILWU's local unions.  <u>Id.</u>  The primary collective bargaining agreement between

15  PMA and ILWU establishes Joint Port Labor Relations Committees ("JPLRC") in each West

16  Coast port city.  <u>Id.</u> ¶ 5.  Each JPLRC consists of representatives of the union and the employers.

17  <u>Id.</u>  JPLRCs are responsible for managing local dispatch halls and lists of eligible longshoremen

18  and marine clerks for dispatch and implementing rules and regulations for dispatch procedures.

19  <u>Id.</u>  In Seattle, the Seattle Longshore JPLRC manages the eligibility and dispatch of

20  longshoremen who are members of ILWU Local 19 and the Seattle Tripartite JPLRC oversees

21  the eligibility and dispatch of marine clerks who are members of ILWU Local 19 and Local 52.

22  <u>Id.</u> ¶ 7.

23      Because JPLRCs communicate with union workers by U.S. mail, <u>id.</u> ¶ 6, the Seattle

24  Longshore JPLRC requires Unidentified Casual longshoremen, workers with the least seniority,

25  to submit a W-4 forms to change their addresses, <u>id.</u> ¶ 8.  Additionally, the Seattle Tripartite

26

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -2-

1   JPLRC requires Unidentified Casual longshoremen to attend an orientation session before they

2   can be placed on the list of eligible Identified Casuals, workers who are one level above

3   Unidentified Casuals and eligible for both longshoremen and marine clerk positions.

4   Unidentified Casuals who fail to attend orientation lose their dispatch privileges and are

5   removed from the dispatch list. Id.; Decl. of Audry Rose Lizama ("Lizama Decl.") (Dkt. # 31),

6   Ex. A.

7       On February 14, 2007, the Seattle Tripartite JPLRC mailed plaintiff a letter informing

8   him that he was eligible to move from the Unidentified Casual dispatch list to the Identified

9   Casual dispatch list. Lizama Decl. (Dkt. # 31), Ex. C. Before he could be added to that list,

10  however, he was required to attend an orientation on February 26, 2007. Id. The letter warned

11  plaintiff that failure to attend the orientation on that date would result in the revocation of his

12  dispatch privileges. Id. Plaintiff did not appear for this orientation, id., Ex. E at 17-18, and as a

13  result, plaintiff was removed from the dispatch list on March 9, 2007. Id., Ex. E at 17-18, 21.

14  Plaintiff sent a letter of appeal to PMA on June 14, 2007. Id., Ex. F. Shortly thereafter, plaintiff

15  spoke to a PMA employee about his removal from the dispatch list. Decl. of Clemens H. Barnes

16  ("Barnes Decl.") (Dkt. # 32), Ex. A at 9. Plaintiff wrote a second letter to PMA in October

17  2007. Id. In December 2007, the Seattle Tripartite JPLRC denied plaintiff's second letter of

18  appeal. Lizama Decl. (Dkt. # 31), Ex. G.

19      Plaintiff filed a complaint against PMA in King County Superior Court on May 23, 2013.

20  Notice of Removal (Dkt. # 1), Ex. A at 9. In the complaint, plaintiff alleges that PMA was

21  negligent in removing him from the dispatch list. Id. He also claims that PMA violated RCW

22  51.48.030 and WAC 296-17-35201 by misplacing his personnel file. Id. He seeks reinstatement

23  on the dispatch list and a promotion "to 'A' man status with all the training and compensation

24  for lost time." Id. at 10. Defendant timely removed the case to this Court based on diversity

25  jurisdiction. Id. at 1-2.

26

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -3-

## III.  DISCUSSION

**A.    RCW 51.48.030 and WAC 296-17-35201**

Pursuant to RCW 51.48.030, employers must maintain records "adequate to facilitate the determination of premiums due to the state for workers' compensation insurance for their covered workers."  WAC 296-17-35201.  These records are required to determine the premiums due to the state fund.  If an employer fails to preserve any records or provide any reports required by the statute, it faces a penalty not to exceed the greater of $250 or 200 percent of the quarterly tax for each offense.  RCW 51.48.030.  WAC 296-17-35201 sets forth the specific information and records that each employer must preserve.  This regulation also explains RCW 51.48.030's statutory penalty for failing to keep adequate records.  WAC 296-17-35201(4). Neither RCW 51.48.030 nor WAC 296-17-35201 provides a private right of action for violations of the record keeping requirements.  Therefore, plaintiff's claim that defendant violated RCW 51.48.030 and the corresponding regulation fails as a matter of law.

**B.    Negligence**

Plaintiff claims that PMA was negligent in maintaining his correct address, resulting in the wrongful removal of his name from the dispatch list in March 2007.  Notice of Removal (Dkt. # 1), Ex. A at 9.  In Washington, negligence claims are subject to a three-year statute of limitations.  RCW 4.16.080(2); Washington v. Boeing Co., 105 Wn. App. 1, 18 (2000).  The statute begins to run "when the plaintiff has a right to seek relief in the courts."  Sabey v. Howard Johnson & Co., 101 Wn. App. 575, 592-93 (2000).  It is undisputed that in December 2007, plaintiff was aware that (1) he was removed from the dispatch list for failing to attend an orientation in February 2007, (2) he did not attend the orientation because he never received the letter informing him of the date and time of the orientation, and (3) PMA did not send the letter to his then current address.  Lizama Decl. (Dkt. # 31), Ex. E at 21; Barnes Decl. (Dkt. # 32), Ex. A at 9, 11.  However, plaintiff did not assert his negligence claim against PMA until 2013.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -4-

Notice of Removal (Dkt. # 1), Ex. A; Barnes Decl. (Dkt. # 32), Ex. A at 11.  The limitations period has long since passed for conduct that occurred in 2007.  Furthermore, there is no basis for tolling.  A plaintiff's claim is not tolled if he or she knew, or through the exercise of reasonable diligence, should have known all the facts necessary to establish a claim.  Crisman v. Crisman, 85 Wn. App. 15, 20 (1997).  Defendant's motion to dismiss plaintiff's negligence claim as time-barred is GRANTED.

## IV.  CONCLUSION

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 28) is GRANTED.


DATED this 24th day of July, 2014.



Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT                    -5-